2016-2010

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

KNOWLES ELECTRONICS, LLC,

*Appellant*,

v.

CIRRUS LOGIC, INC. &
CIRRUS LOGIC INTERNATIONAL (UK) LTD.,

*Appellees.*

**Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board,
in Nos. 95/000,509, 95/001,251 and 95/001,363.**

## APPELLANT KNOWLES ELECTRONICS, LLC'S
## REPLY IN SUPPORT OF ITS
## MOTION TO REMAND IN LIGHT OF *AGILENT*

Richard Rainey
Brian Bieluch
Michael S. Sawyer
Cyril Djoukeng
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
*Attorneys for Appellant*

# CERTIFICATE OF INTEREST

Counsel for Appellant Knowles Electronics, LLC, certify the following:

1.     The full name of every party or amicus represented by me is:

Knowles Electronics, LLC

2.     The name of the real party in interest, if the party named in the caption is not the real party in interest, represented by me is:

Knowles Electronics, LLC

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Knowles Electronics, LLC is a privately held company that is owned, through intermediate entities, by Knowles Corporation, which is a publicly held company traded on the New York Stock Exchange under ticker symbol KN.  Franklin Resources, Inc., a publicly held company traded on the New York Stock Exchange under ticker symbol BEN, owns 10% or more of the stock of Knowles Corporation. Janus Capital Management LLC is a privately held company that owns 10% or more of the stock in Knowles Corporation. The 2015 Form 10-K of Janus Capital Group Inc., a publicly held company traded on the New York Stock Exchange under ticker symbol JNS, lists Janus Capital Management LLC as a wholly-owned subsidiary.  No other publicly held company owns 10% or more of the stock of Knowles Electronics, LLC or Knowles Corporation.

4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

William Cramer of Lathrop & Gage LLP (formerly of Dykema Gossett PLLC); Steven McMahon Zeller, Timothy K. Sendek and Jonathan Giroux of Dykema Gossett PLLC.

Date: September 8, 2016

/s/ Brian Bieluch
Richard Rainey
Brian Bieluch
Michael S. Sawyer
Cyril Djoukeng
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

*Attorneys for Appellant*

# TABLE OF CONTENTS

Page

I. ARGUMENT ........................................................................................ 2

    A.    The Court Should Hold this Appeal in Abeyance and
        Remand in Light of *Agilent.* ............................................................ 2

    B.    The Court Should Decline to Consider, in the First
        Instance, Cirrus's New Declarations and Extra-Record
        Materials. ..................................................................................... 5

    C.    Cirrus's Remaining Efforts to Avoid *Agilent* Fail. ......................... 9

II. CONCLUSION ................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AdjustaCam, LLC v. Newegg, Inc.,*
    626 F. App'x 987 (Fed. Cir. 2015) .......................................................................3

*Agilent Technologies, Inc. v. Waters Technologies Corp.,*
    811 F.3d 1326 (Fed. Cir. 2016) ...................................................................*passim*

*Akazawa v. Link New Tech. Int'l, Inc.,*
    520 F.3d 1354 (Fed. Cir. 2008) .......................................................................7

*Apple Inc. v. Samsung Elecs. Co.,*
    No. 2012–1506, 2012 WL 4470879 (Fed. Cir. Sept. 28, 2012).........................5

*Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.,*
    272 F.3d 1365 (Fed. Cir. 2001) .......................................................................9

*Duncan Kitchen Grips, Inc. v. Boston Warehouse Trading Corp.,*
    428 F. App'x 996 (Fed. Cir. 2011) ....................................................................5

*In re Gartside,*
    203 F.3d 1305 (Fed. Cir. 2000) ....................................................................4, 6

*Kushner v. Beverly Enters., Inc.,*
    317 F.3d 820 (8th Cir. 2003) .......................................................................8

*Merck & Co., Inc. v. U.S. Int'l. Trade Comm'n,*
    774 F.2d 483 (Fed. Cir. 1985) ....................................................................6, 7

*Roth v. Jennings,*
    489 F.3d 499 (2d Cir. 2007) .......................................................................8

*Sargisson v. United States,*
    854 F.2d 1327 (Fed. Cir. 1988) (*per curiam*)...................................................3

*Tempur-Pedic Mgmt., Inc. v. FKA Distrib. Co.,*
   481 F. App'x 615 (Fed. Cir. 2012) ...............................................................5

*Yuni v. Merit Sys. Prot. Bd.,*
   784 F.2d 381 (Fed. Cir. 1986) ....................................................................8

**Statutes**

5 U.S.C. § 706..............................................................................................5

35 U.S.C. § 100(e) ........................................................................................4

35 U.S.C. § 141.........................................................................................2, 4

35 U.S.C. § 144.........................................................................................4, 6

35 U.S.C. § 315(b)(2) (2010) ....................................................................2, 4

**Rules**

Federal Rule of Evidence 201(b)(1)............................................................6

Cirrus Logic, Inc. ("Cirrus Inc.") and Cirrus Logic International (UK),

Ltd. ("Cirrus UK LTD") (collectively, "Cirrus") have submitted a Response

that conclusively establishes that there has been error in light of *Agilent*

*Technologies, Inc. v. Waters Technologies Corp.*, 811 F.3d 1326 (Fed. Cir. 2016).

Cirrus makes almost no effort to defend the inclusion of Cirrus Inc. in

proceedings before the Patent Trial and Appeal Board ("Board"). The only

remaining issue is how to correct that error and how to address Cirrus's

claim, in a 242-page submission, that Cirrus UK LTD may stand in place of

third-party requester Wolfson Microelectronics plc ("Wolfson PLC").

Recognizing that the record is wholly inadequate, Cirrus submits two

declarations and four extra-record exhibits, arguing that this Court should

address whether the "re-registration of Wolfson PLC, under the [UK]

Companies Act 2006" as a "private company . . . under the name Wolfson

LTD," and a subsequent name change, means that, "[n]otwithstanding the

acquisition, re-registration . . . [and] name changes," "Cirrus UK LTD is the

same legal entity," *id.*

Cirrus's request that the Court of Appeals accept new declarations

and extra-record documents is not only unfair to its adversary, but is

wholly improper. *Agilent* makes explicit that the question of Cirrus's

participation is a statutory, not jurisdictional or Article III, question. 811

F.3d at 1330. Accordingly, there is no basis for taking evidence on appeal,

particularly given the questions of foreign law being raised.

Appellate courts routinely remand in light of intervening authority.

This Court should correct the Board's unlawful practice of allowing parties

other than third-party requesters to participate, in violation of 35 U.S.C.

§§ 141 and 315(b)(2), hold the appeal in abeyance, and remand the record

in light of *Agilent*, for a finding as to which entit(ies) constitute the third-

party requester, ensuring that the proper parties are sent to this Court.

## I.    ARGUMENT

### A.    The Court Should Hold this Appeal in Abeyance and Remand in Light of *Agilent.*

Cirrus does not dispute that only the "third-party requester" may be

a party. *See* 35 U.S.C. § 315(b)(2) (2010). *Agilent*, which was decided after

the Board issued its Decision on Appeal, makes explicit that section 315

must be construed in accordance with its "unambiguous language," and

accordingly, only those parties "Congress explicitly" listed in section 315

may participate. Mot. 10–17. Under *Agilent*, the Board thus erred in

naming as parties to the proceedings, without explanation, entities other than third-party requester Wolfson PLC.

This Court routinely remands in light of intervening authority, like *Agilent*. *See, e.g.*, *Sargisson v. United States*, 854 F.2d 1327 (Fed. Cir. 1988) (*per curiam*) ("vacat[ing] and remand[ing] for reconsideration in light of" an intervening decision); *AdjustaCam, LLC v. Newegg, Inc.*, 626 F. App'x 987, 988 (Fed. Cir. 2015) (similar). This allows the lower tribunal in the first instance to apply the law and find facts.

There is essentially no dispute that Cirrus Inc. is an improper party. Cirrus states that Cirrus Inc. will "voluntarily remov[e] itself." Resp. 12. Respectfully, that does not correct the error. Cirrus Inc. was named as a party in the Board's Decision and made filings that are part of the record. The Board must follow *Agilent*, require litigants to establish that they meet the statutory requirements, and issue a decision correcting the record, which will establish the parties subject to statutory estoppel, *see* Mot. 20.

Additionally, even the (improper) "voluntary removal" of Cirrus Inc. further leaves wholly unresolved whether Cirrus UK LTD is a proper party. Cirrus does not dispute that it has the burden to "establish[] that [Cirrus UK LTD] is, in fact," the third-party requester. *Agilent*, 811 F.3d at

1332. Nor does Cirrus dispute that this issue is not a jurisdictional or Article III question. *Id.* at 1330. As such, review is limited to "the record before the Patent and Trademark Office." 35 U.S.C. § 144; *see In re Gartside*, 203 F.3d 1305, 1313 (Fed. Cir. 2000).

The only record item that Cirrus references as a basis for the Board to include Cirrus UK LTD is an assertion that the Board "accepted Cirrus' representation that the third-party requester had changed its name from Wolfson PLC to Cirrus UK LTD." Resp. 8 (citing the Board overruling Knowles's objection and including Cirrus UK LTD in the caption). But a fair reading of the record shows that no finding was made as to whether Cirrus UK LTD may take the place of Wolfson PLC both before the Board and now before this Court. The Board never addressed the issue and instead re-captioned the proceedings without any consideration of the statutory requirements set forth in *Agilent*. *See* Dkt. No. 23, Ex. J. That error now carries through to these proceedings, with the existing record not establishing Cirrus UK LTD's statutory eligibility to participate.

The Court should require the Board to follow *Agilent* and 35 U.S.C. §§ 315(b)(2), 141, and 100(e), *see* Mot. 3, 11–20, by holding this appeal in abeyance and remanding the record to the agency in light of *Agilent*, for a

finding as to which entit(ies) constitute the third-party requester in this matter. *See Tempur-Pedic Mgmt., Inc. v. FKA Distrib. Co.*, 481 F. App'x 615 (Fed. Cir. 2012) (holding appeal in abeyance pending remand for further proceedings before the Trademark Trial and Appeal Board); *Apple Inc. v. Samsung Elecs. Co.*, No. 2012–1506, 2012 WL 4470879, at *1 (Fed. Cir. Sept. 28, 2012) (same for district court); *Duncan Kitchen Grips, Inc. v. Boston Warehouse Trading Corp.*, 428 F. App'x 996 (Fed. Cir. 2011) (same).

Alternatively, the Court could "hold unlawful and set aside," 5 U.S.C. § 706, the agency's Decision on Appeal and Rehearing Decision, *see id.* (providing that the "reviewing court *shall . . .* hold unlawful and *set aside*" unlawful agency action) (emphasis added). Under either course, Knowles requests that the record be clear that the motion for remand is granted without prejudice to Knowles being able to pursue all original grounds for appeal, upon resolution of this threshold issue.

## B. The Court Should Decline to Consider, in the First Instance, Cirrus's New Declarations and Extra-Record Materials.

Apparently recognizing that the existing record is inadequate, *see* Mot. 5–9, 13–17, Cirrus has submitted two new, if cursory, declarations and four new documents. Cirrus then asks this Court to issue a finding that

"record[s] from the [UK's] Registrar of Companies ('Companies House'),"

*id.* at 13, and an 80-page SEC Form 10-K, *id.* at 15; *see* Cirrus Exs. A, B, C

and D (together with the declarations, the "Extra-Record Materials"),

establish that "re-registration of Wolfson PLC, under the [UK's] Companies

Act 2006" as a "private company . . . under the name Wolfson LTD," *id.*,

and a further subsequent name change, mean that, "[n]otwithstanding the

acquisition, re-registration . . . [and] name changes," "Cirrus UK LTD is the

same legal entity," *id.* The Court should decline the invitation.

*First*, "Section 144 . . . provides that we [the Court] must review

Board decisions '*on the record*' developed by the PTO," *In re Gartside*, 203

F.3d at 1313 (emphasis added), precluding such materials.

*Second*, this case demonstrates precisely why such materials should

not be considered for the first time on appeal. Federal Rule of Evidence

201(b)(1) permits judicial notice of "a fact that is not subject to reasonable

dispute because it . . . is generally known within the trial court's *territorial*

*jurisdiction*," *id.* (emphasis added); *see* Mot. 19. In contrast, this Court has

routinely declined to address questions of foreign law in the first instance.

*See Merck & Co., Inc. v. U.S. Int'l. Trade Comm'n*, 774 F.2d 483, 488 (Fed. Cir.

1985) (remanding because, "[t]o the extent that Japanese law may be

relevant, the Commission will be required to receive evidence or briefs on the question, since in the federal courts foreign law is a question of law to be determined by expert evidence or any other relevant source"); *Akazawa v. Link New Tech. Int'l, Inc.*, 520 F.3d 1354, 1358 (Fed. Cir. 2008) (same).

That practice especially makes sense here. Cirrus's declarant, Mr. Andrew Keir, a Scottish solicitor, Dkt. No. 29, p.23 ¶ 1, states that a "Certificate of *Incorporation* on *Re-Registration* of a Public Company as a Private Company and Registration of Order of Court and Minute on Reduction of Capital," *id.* ¶ 2 (emphasis added), is "an accurate copy of the certificate *of that name*," *id.* (emphasis added). Mr. Keir never explains what "Re-Registration" is under U.K. or Scottish law, nor why such a "Certificate of *Incorporation*" means that this new entity, under U.S. law, stands in the place of Wolfson PLC.

Cirrus's brief does not help. The brief asserts, without citation to expert or U.K. statutory sources, *see Merck*, 774 F.2d at 488, that an "'SC0' prefix is added to a Scottish company's registration number in documents issued and accessible on a pan-UK basis," Resp. 14 n.4, and that this means, "[n]otwithstanding," *inter alia*, "re-registration" under "the Companies Act 2006," that "Cirrus UK LTD is the same legal entity," *id.* at 15. Cirrus then

attaches an SEC filing that provides even less detail, stating that "Wolfson was re-registered as a private limited company."  Resp., Ex. D at 55.

Courts consider SEC filings only to notice their existence, not "for the truth of their contents."  *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007); *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 830 (8th Cir. 2003) (similar). Further muddying the issue is the fact that Cirrus has declined to submit the acquisition agreement.  But assuming *arguendo* the Court considers these materials, they still do not establish what "re-registration" under the U.K. Companies Act 2006 means, with regard to whether such "re-registration" is akin to a dissolution and asset sale under U.S. law, in which case Cirrus UK LTD would not be a proper party, or is akin to a mere name change, as Cirrus's brief posits.

*Finally*, Cirrus's belated effort to introduce new declarations and foreign documents on appeal is fundamentally unfair to its adversary. Appellate briefs are not a vehicle for injecting new extra-record material. *See, e.g., Yuni v. Merit Sys. Prot. Bd.*, 784 F.2d 381, 387 n. 5 (Fed. Cir. 1986). Accepting such materials would provide Knowles no opportunity to test Cirrus's factual assertions.  The appellate process depends upon parties having had a meaningful opportunity to do so.

## C. Cirrus's Remaining Efforts to Avoid *Agilent* Fail.

Cirrus argues that "because *Agilent* was decided by this Court without remand," Resp. 2, there should be no remand here. In *Agilent*, the parties "frame[d] th[eir] dispute as one relating to jurisdiction," and thus debated dismissal, not remand. *Agilent*, 811 F.3d at 1330. The Court therefore did not address the propriety of considering extra-record materials. *See, e.g.*, *Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.*, 272 F.3d 1365, 1378 (Fed. Cir. 2001) (noting the "longstanding rule that if a decision does not squarely address an issue, a court remains free to address the issue on the merits in a subsequent case") (citation and alterations omitted). Furthermore, *Agilent* was based upon Agilent's own representation that it acquired "substantially all"—but not "all"—of the third-party requester's assets, 811 F.3d at 1332–33, allowing the Court to conclude, as a legal matter, that "'substantially all' does not mean 'all,'" *id.* at 1332, thereby precluding participation.

Cirrus alternatively argues waiver of the *Agilent* issue. Resp. 9. This is odd, given that Cirrus is the party seeking to demonstrate its statutory eligibility to participate, and given that Cirrus violated the agency's regulation that any change in real party-in-interest be submitted *within 20*

*days*, having waited *ten months*, *see* Mot. 5 (citing 37 C.F.R. § 41.8(a). As

Knowles's noted, however, *see* Mot. 6–8, prior to *Agilent* having even been

issued, Knowles argued at length that both Cirrus entities had not

demonstrated that they may step in for Wolfson. Mot. 6–8. The agency

concluded that "Patent Owner may not oppose a request for relief that is

within the discretion of the Office" and "it will up [sic] to the discretion of

the panel" to address the issue. Mot. 9. Cirrus briefly states that "Knowles

raised no further objection," but never explains what further objection

could have been made, given that the agency already ruled against

Knowles. But fundamentally, *Agilent* was decided after the Decision on

Appeal. The issuance of *Agilent* itself is reason to remand and require the

agency to comply with *Agilent*.

## II.   CONCLUSION.

The Court should hold this appeal in abeyance, remand the record

pursuant to *Agilent*, and order the agency to address whether Cirrus Inc.

and/or Cirrus UK LTD constitute the third-party requester, with any order

making clear that Knowles may pursue its remaining appellate issues upon

completion. The parties should be ordered to notify the Court when the

PTO has resolved this issue.

Dated: September 8, 2016               Respectfully submitted:

/s/ Brian Bieluch
Richard Rainey
Brian Bieluch
Michael S. Sawyer
Cyril Djoukeng
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000

*Attorneys for Appellant*

<u>Certificate of Service</u>

I, Brian Bieluch, hereby certify that on the 8th day of September 2016, I will cause the foregoing and its accompanying exhibits to be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification to counsel of record.

<u>/s/ Brian Bieluch</u>
Richard Rainey
Brian Bieluch
Michael S. Sawyer
Cyril Djoukeng
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956

(202) 662-6000